**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanford Lamar Ferrell, | No. CV 13-0305-TUC-DCB (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Petition Under 28 U.S.C. § 2254 For a Writ of Habeas Corpus by A Person in State Custody (Non-Death Penalty) filed by Stanford Lamar Ferrell, an inmate confined in the Arizona State Prison Complex in Eloy, Arizona. (Doc. 1). Petitioner asserts claims based on trial error, newly discovered evidence, and ineffective assistance of counsel. Respondents have filed a Limited Answer (Doc. 19-21), and Petitioner has filed a Reply. (Doc. 26).

Pursuant to the Rules of Practice of the United States District Court for the District of Arizona, this matter was referred to Magistrate Judge Bowman for a report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the Petition. All but one of Petitioner's claims are either procedurally defaulted or not federally cognizable. The cognizable claim of ineffective assistance of counsel should be denied on the merits.

*Summary of the Case*

Petitioner was convicted in Cochise County Superior Court of two counts of child molestation involving separate victims under the age of fifteen.  (Doc. 19, Ex. A, pp. 1-2).  The state trial court sentenced Petitioner to consecutive slightly mitigated 15-year terms of imprisonment.  (*Id*. at p. 2).

*Proceedings Relevant to Petitioner's Motion to Vacate Judgment*

On February 3, 2009, Petitioner pro se filed a Motion to Vacate the Judgment - Conviction (motion to vacate judgment) under Rule 24.2, Ariz. R. Crim. P. (Doc. 19, Ex. E). Petitioner alleged the following grounds:

(1)   Based on information in a police report, the presentence report, and the testimony of victim B's father at sentencing, newly discovered evidence demonstrated that victim B's father committed perjury by lying about the date victim B disclosed the molestation and whether victim B's father had financial motives to falsely accuse Petitioner.[1]

(2)   The prosecutor committed misconduct by suborning victim B's father's alleged perjury at trial.

(3)   Trial counsel was ineffective in failing to interview and call witnesses, failing to present evidence at trial, and failing to move for a new trial based on perjury and newly discovered evidence.

(*Id*.)

On May 29, 2009, the trial court filed an Order finding that the third ground was precluded because ineffective assistance of counsel must be raised in post-conviction proceedings, not in a motion to vacate under Rule 24.2. (Doc. 19, Ex. F).  The court held a three-day hearing on the other two grounds and then denied those grounds on the merits in

---

[1] Victim A refers to Anthony M.  Victim B refers to Kenneth R.  (Doc 19, Ex. G, p. 1). Victim B's father is Karl R. and his uncle is Frank R.  (*Id*., pp. 1-2).  The molestation as to Victim A allegedly occurred in June 2007.  (*Id*., p. 1).  The molestation as to Victim B allegedly occurred during the Fall of 2003.  (*Id*.)

1    a Decision and Order filed on July 16, 2009.  (Doc. 19, Ex. G).  The court found that

2    Petitioner had not demonstrated that victim B's father committed perjury because he had not

3    shown inconsistencies between the father's in-court statement that he learned of the alleged

4    molestation in 2003 and the father's out-of-court statement as reported in Frank R.'s affidavit

5    that he told Frank in March 2004 that he intended to report the incident to the police.  (Doc.

6    19, Ex. G, pp. 2-3).  The trial court noted that Kenneth R. was the victim and had testified

7    that he reported the incident in July 2004.  (*Id*.)  The trial court also found no inconsistencies

8    between Karl R.'s testimony – that he quit his job to move to Missouri but the move did not

9    occur – and Karl R.'s statement as contained in Petitioner's presentence report – that the

10   family was emotionally, psychologically and financially affected by Petitioner's actions, that

11   he and his wife had quit their jobs to relocate to Missouri to take their son away from

12   Petitioner, and that he and his wife had lost one year of salary and were seeking $90,000 in

13   restitution. (*Id*., p. 3).  The trial court determined that any inconsistencies were not so

14   significant that impeachment evidence probably would have changed the verdict or sentence.

15   (*Id*.)

16          On August 17, 2009, Petitioner moved for reconsideration of the trial court's July 16,

17   2009 ruling.  (Doc. 21, Ex. NN).  Petitioner asserted the following separate claims:

18   (1)    Based on police reports, the presentence report, testimony at trial, and testimony at

19          the presentence hearing, victim B's father committed perjury by lying about the date

20          victim B disclosed the molestation.

21   (2)    Based on police reports, the presentence report, testimony at trial, and testimony at

22          the presentence hearing, victim B's father committed perjury by lying about whether

23          he had financial incentives to falsely accuse Petitioner.

24   (3)    Based on testimony at trial, photographs taken at Petitioner's daughter's birthday

25          party, and "forthcoming affidavits," victim B committed perjury at trial by lying about

26          the circumstances relevant to a gift (electric scooter) he received from Petitioner.

27   (4)    Affidavits from the parents of children unrelated to the case stating that Petitioner

28          disclosed he had been accused of molestation and excerpts from the MySpace page

of victim A's mother constituted newly discovered evidence demonstrating that victim A's mother committed perjury at trial by denying Petitioner told her he had been accused of molestation in the past.

(*Id*.)  On August 26, 2009, the trial court denied the motion for reconsideration, finding that "[n]othing in the motion for rehearing presents a valid reason for rehearing or reconsidering" the court's July 16, 2009 ruling.  (Doc. 19, Ex. I).  On September 9, 2009, Petitioner moved for reconsideration of this order, but according to Respondents the file does not contain a ruling on this motion.  (Doc. 19, Ex. H; see Doc. 19, p. 4, n. 2).

On September 25, 2009, Petitioner filed a petition for review of the trial court's rulings in the Arizona Court of Appeals.  (Doc. 19, Ex. J).  On March 3, 2010, the court of appeals dismissed the petition for review as untimely but granted Petitioner permission to file for a delayed appeal in the trial court.  (Doc. 19, Ex. K).  Petitioner's motion for reconsideration of this order was denied.  (Doc. 19, Ex. L & Ex. M).

Petitioner filed in the trial court for a delayed appeal, the motion was granted on March 30, 2010, and Petitioner filed a notice of delayed appeal.  (Doc. 19, Ex. N).  On April 30, 2010, the trial court  forwarded Petitioner's pleadings to the Arizona Court of Appeals.  (*Id*.)  On May 5, 2010, the state court of appeals reinstated the appellate proceedings and accepted the petition for review it had previously dismissed on March 3, 2010.  (Doc. 19, Ex. O).  Petitioner asserted the following grounds in the reinstated petition for review:

(1)     The trial court erred in denying Petitioner's claims of perjury by injecting a materiality  component into the perjury statute.

(2)     The trial court erred by considering responsive pleadings from the State that were unsupported by affidavits, records, or other documentation;

(3)     The trial court failed to properly consider evidence presented during the three-day hearing on the motion to vacate the judgment.

(4)     The trial court was biased against Petitioner.

1    (Doc. 19, Ex. J).[2]

2         On July 30, 2010, the Arizona Court of Appeals affirmed the trial court's ruling on

3    the motion to vacate the judgment.  (Doc. 19, Ex. Q, *State v. Stanford Lamar Ferrell*, No. 2

4    CA-CR 2009-0313 PR, Memorandum Decision).  It found as to the first ground concerning

5    perjury that, even if the trial court had not properly interpreted the perjury statute, the trial

6    court had appropriately considered the evidence under the standard for newly discovered

7    evidence and had not abused its discretion in denying the motion to vacate.  (*Id*., p. 3 ¶ 4).

8    It denied the second ground on the merits, finding that Petitioner could have raised the issue

9    in the trial court and had not shown fundamental error and prejudice on appeal.  (*Id*., p. 4  ¶¶

10   5-6).  It found that the third ground was not supported by the record and that Petitioner had

11   not provided sufficient authority in support of the fourth ground.  (*Id*., p. 5 ¶ 7).  The state

12   court of appeals noted that it had recently considered Petitioner's separate direct appeal of

13   his conviction and sentence and that his delayed appeal and direct appeal were not

14   consolidated due to oversight.  (*Id*., p. 2, n.1).

15        According to Respondents, on October 20, 2010, Petitioner sought review of the court

16   of appeals' ruling in the Arizona Supreme Court.  (Doc. 19, p. 6; Doc. 19, Ex. R).  Review

17   was denied on February 17, 2011.  (Doc. 19, Ex. S).  Respondents have not found any record

18   showing that Petitioner sought review of this ruling in the United States Supreme Court.

19   (Doc. 19, p. 6).

20   *Petitioner's Direct Appeal*

21        On December 4, 2008, Petitioner filed a notice of appeal from his conviction and

22   sentence.  (Doc. 19, Ex. B).  On January 27, 2010, appellate counsel filed a brief pursuant

23   to *Anders v. California*, 386 U.S. 738 (1967), stating that she could find no colorable issues

24   to raise but noting a "potentially arguable" issue concerning Petitioner's unsuccessful pretrial

25

26        [2] On May 7, 2010, Petitioner filed for review in the Arizona Supreme Court of the
     court of appeals' March 3, 2010 dismissal of the petition for review.  (Doc. 19, Ex. P).  There
27   is no ruling on this petition in the file.  (Doc. 19, pp. 5-6).

28

motion to sever the charges as to each victim.  (Doc. 19, Ex. T).  On February 25, 2010, Petitioner filed a supplemental opening appellate brief asserting the following issues:

(1)     Victim B's testimony at a pretrial hearing, as compared to his trial testimony, demonstrated that victim B committed perjury when he testified about the location where Petitioner gave him a gift (electric scooter).

(2)     The prosecutor committed misconduct by (a) failing to correct victim B's testimony about the location of the gift which he knew was false; (b) cross-examining Petitioner using unspecified argumentative, demeaning, and improperly suggestive questions; and (c) "intentionally [trying] to demonize" Petitioner, misrepresenting the law and evidence, and improperly appealing to the jurors' emotions during closing arguments.

(Doc. 19, Ex. A, pp. 2-6 & Ex. U).

On May 14, 2010, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence.  (Doc. 19, Ex. A, *State v. Stanford Lamar Ferrell*, No. 2 CA-CR 2008-0411, Memorandum Decision).  It found that the trial court had not erred in denying the motion to sever.  (*Id*., pp. 3-4).  If further found that Petitioner had not objected to the prosecutor's conduct in the trial court and that none of the grounds asserted amounted to fundamental error.  (*Id*., pp. 4-6).

On July 27, 2010, Petitioner filed a petition for review of the court of appeals' decision in the Arizona Supreme Court.  (Doc. 21, Ex. MM).  Review was denied on December 6, 2010.  (Doc. 19, Ex. V).  According to Respondents, Petitioner did not seek further review of that decision.  (Doc. 1, p. 3; Doc. 19, p. 7).

*Petitioner's First Post-Conviction Proceeding*

On December 10, 2008, Petitioner filed a Notice of Post-Conviction Relief (PCR).  (Doc. 19, Ex. C, First PCR Notice).  On December 23, 2008, Petitioner filed a pro se Petition for Post-Conviction Relief.  (Doc. 19, Ex. D).  The state trial court entered an order that this pro se PCR Petition was not properly before it because Petitioner had been appointed PCR counsel and Petitioner's direct appeal remained pending.  (Doc. 19, Ex. W, pp. 1-2).  On March 10, 2011, appointed counsel filed a Petition for PCR relief stating that he could find

no colorable issues to raise.  (Doc. 19, Ex. X, pp. 1-2).  PCR counsel requested leave to withdraw and an extension of time so Petitioner pro se could file a PCR petition.  (*Id.*, p. 2).  On July 27, 2011, Petitioner filed a pro se petition for post-conviction relief (First pro se PCR Petition) in which he asserted the following grounds:

(1)     Trial counsel provided ineffective assistance based on the following allegations:

      (a)     Counsel failed to interview Allen Dome pretrial or call him as a witness even though Dome had information that allegedly impeached victim A's testimony.

      (b)     Counsel failed to interview Frank R. pretrial or call him as a witness even though Frank R. had information that impeached the testimony of victim B's father (Karl R.) and demonstrated that another person in victim B's family previously had been convicted of child molestation in another state.

      (c)     Counsel failed to impeach victim A's mother with evidence of her past criminal convictions.

(2)     Newly discovered evidence warranted a new trial based on an alleged inconsistency showing victim B lied at trial regarding the date the molestation was reported, which Petitioner discovered when he reviewed the file on July 10, 2011, and the trial court's ruling regarding his claim that victim B's father committed perjury as compared with victim B's trial testimony.

(3)     The newly discovered evidence of victim B's alleged perjury demonstrated a violation of Petitioner's right to a fair trial.

(Doc. 20, Ex. Y, First pro se PCR Petition).

      On March 23, 2012, the trial court denied Petitioner's First pro se PCR petition. (Doc. 20, Ex. W).  The trial court noted that Petitioner's First pro se PCR Petition was not an of-right proceeding but that it had conducted a review of the file under Rule 32.6 (c), Ariz.R Crim.P.  (*Id.*, p. 2).  It ruled that the perjury allegations in grounds (1)(b) and (2) were precluded under Rule 32.2, Ariz.R.Crim.P., based on the court's previous ruling denying Petitioner's motion to vacate the judgment.  (*Id.*, p. 3).  It found that the perjury alleged in ground (2) regarding contradictory testimony of Kenneth R. and Karl R. was not newly

1   discovered evidence and that the inconsistencies Petitioner alleged in grounds 2 and 3 had

2   been presented to the jury at trial and were not newly discovered evidence.  (*Id*., p. 10)

3       The trial court denied the claims of ineffective assistance of counsel asserted in

4   grounds (1)(a) through (c) on the merits.  (*Id*., pp. 3-10).  It noted that Petitioner had

5   presented Dome's affidavit with his March 5, 2012 Reply and that Dome stated in the

6   affidavit that he was present when Victim A was allegedly molested but that the incident did

7   not occur.  The trial court found that defense counsel knew of the information in Dome's

8   affidavit and perhaps had not called Dome as a witness based on evidence suggesting that

9   Petitioner had provided financial motivation to Dome to testify favorably for the defense and

10   that Dome might be perceived as mentally disabled, confused, or frustrated during hostile

11   questioning.  (*Id*., pp. 3-9).  The trial court found that evidence that Victim B's grandfather

12   possibly had molested Frank R. and Victim B's father (Karl R.) and was convicted of child

13   molestation in New Mexico was irrelevant to the charges involving Victim B.  (*Id*., p. 9).

14   The court found that counsel was not ineffective for failing to impeach Victim A's mother

15   with her past misdemeanors because none of her convictions involved dishonesty or false

16   statement and some charges against her had been dismissed.  (*Id*., p. 10).  On April 10, 2012,

17   Petitioner requested review of the trial court's ruling in the Arizona Court of Appeals.  (Doc.

18   20, Ex. Z).  On June 29, 2012, the state court of appeals granted review but denied  relief

19   based on its adoption of the trial court's ruling. (Doc. 20, Ex. AA, *State v. Stanford Lamar*

20   *Ferrell*, No. 2 CA-CR 2012-0090-PR, Memorandum Decision June 29, 2012).  Petitioner

21   moved for reconsideration which the court of appeals denied on July 25, 2012.  (Doc. 20, Ex.

22   BB & Ex. CC).

23   *Second Post-Conviction Proceedings*

24       On August 13, 2012, Petitioner filed a Second pro se Petition for PCR relief.  (Doc.

25   20, Ex. EE, Second pro se PCR Petition).  Petitioner asserted the following grounds for

26   relief:

27   (1)   Trial counsel was ineffective (a) by failing to interview or call as a witness Allen

28       Dome who possessed information that allegedly impeached victim A's testimony and

(b) by failing to interview or call as a witness Frank R. who possessed information that allegedly impeached victim B's testimony about when he disclosed the alleged molestation.

(2)    Petitioner was denied a fair trial because the prosecutor knowingly presented victim B's perjurious testimony about the date victim B disclosed the molestation.

(3)    The impeachment information possessed by Dome and Frank R. concerning victims A and B was newly discovered evidence that warranted a new trial.

(4)    The trial court was unfairly biased and prejudiced against him.

(Doc. 20, Ex. EE, Second pro se PCR Petition; Doc. 29, Ex. FF).

On September 20, 2012, the trial court ruled that grounds (1) through (3) regarding newly discovered evidence, perjury by a State's witness, and ineffective assistance of counsel for not calling witnesses were precluded under Rule 32.2(a), Ariz.R.Crim.P., and that it had rejected similar claims in its March 23, 2012 order and the Arizona Court of Appeals had affirmed that decision. (Doc. 20, Ex. FF, pp. 1, 3). The trial court found that Petitioner's claim of bias asserted in ground (4) was meritless. (*Id.*, pp. 1-4). The trial court denied Petitioner's motion for rehearing on October 2, 2012. (Doc. 20, Ex. GG, p. 2). Petitioner's petition for review of the trial court's ruling was denied by the Arizona Court of Appeals because his petition did not comply with state procedural law:

Although Ferrell identifies the claims he wishes us to address in this summary fashion, he has failed to identify with sufficient specificity the issues the trial court addressed and has neither summarized the facts material to the consideration of those issues, nor specified the reasons we should grant his petition for review and grant him relief, as required by Rule 32.9(c)(1)(ii)-(iv), Ariz. R. Crim. P. Instead, Ferrell has attempted to incorporate by reference his petition for post-conviction relief and motion for rehearing, a procedure not permitted by the rule. *See* Ariz. R. Crim. P. 32.9(c)(1) (petition for review must contain "reasons why the petition should be granted" and either appendix or "specific references to the record"); *State v. French*, 198 Ariz. 119, ¶ 9, 7

1   P.3d 128, 131 (App. 2000) (finding petition for review incorporating trial court
2   filings "utterly fails to comply with Rule 32.9" and therefore rejecting
3   summarily claims raised), *disapproved on other grounds by Stewart v. Smith*,
4   202 Ariz. 446, ¶ 10, 46 P.3d 1067, 1071 (2002); *see also State v. Carriger*, 143
5   Ariz. 142, 146, 692 P.2d 991, 995 (1984) ("Petitioners must strictly comply
6   with Rule 32 or be denied relief."); *cf. State v. Bolton*, 182 Ariz. 290, 298, 896
7   P.2d 830, 838 (1995) (insufficient argument waives claim on review).

8   (Doc. 20, Ex. GG, *State v. Stanford Lamar Ferrell*, No. 2 CA-CR 2012-0432-PR,
9   Memorandum Decision, Jan. 31, 2013).

10   On February 28, 2013, Petitioner filed a motion for reconsideration in which he raised,
11   in addition to the issues previously asserted, that he was entitled to appointed counsel after
12   his first PCR counsel was allowed to withdraw, that the trial court abused its discretion when
13   it denied his request for appointment of an investigator,[3] that the trial court erred based on
14   equitable or judicial estoppel in its analysis of his claim of perjury by Kenneth R., and that
15   the trial court's ruling denying him a hearing on his ineffective assistance of counsel claim
16   should be reversed based on equitable or judicial estoppel. (Doc. 20, Ex. HH, pp. 2, 13-16).
17   On March 12, 2013, the court of appeals denied Petitioner's motion for reconsideration.
18   (Doc. 20, Ex. HH & Ex. II). Petitioner did not seek review of this decision. (Doc. 20, Ex.
19   JJ; Doc. 19, p. 10).

20   *Petitioner's Federal Habeas Petition*

21   Petitioner filed his § 2254 habeas petition by placing it in the prison mailing system
22   on April 30, 2013. (Doc. 1, p. 14). Respondents do not contend that Petitioner's federal
23   habeas petition was not timely filed.

24

25   ───────────────

26   [3] Petitioner referred to a Motion for Appointment of Investigator he filed on June 22,
2011 that he claimed was necessary for preparation of his supplemental memorandum for
27   post-conviction relief. (Doc. 20, Ex. HH, p. 15). Petitioner has submitted what appears to
be an unfiled copy of his Motion for Appointment of Investigator with his Reply. (Doc. 26,
28   Ex. B).

1      Petitioner asserts the following grounds in his petition:

2  (1)    Claim One: Trial counsel provided ineffective assistance by not investigating his case

3         and calling two key eye witnesses, (a) Allen Dome or (b) Frank R., to testify at trial.

4  (2)    Claim Two: Petitioner's rights to due process and a fair trial were violated when the

5         State used perjured testimony at trial; State's witness victim B testified at trial that he

6         disclosed the molestation incident on July 13, 2004, the date of the police report, but

7         the trial court determined at a post-trial hearing that the disclosure occurred a year

8         earlier in 2003; victim B's testimony was contradicted by his father's testimony and

9         information provided by an eye witness (Frank R.) in a sworn affidavit.

10  (3)   Claim Three:  Petitioner presented evidence of perjury in his state post-conviction

11        proceedings based on the affidavits of Allen Dome and Frank R. that contradicted the

12        testimony of the two victims; the trial court violated Petitioner's rights to due process

13        and a fair trial by procedurally denying the assertion without an evidentiary hearing.

14  (4)   Claim Four:  Petitioner's Sixth Amendment right to counsel was violated when the

15        trial court refused to appoint a second attorney to represent Petitioner in the post-

16        conviction proceedings after his first appointed counsel withdrew.

17  (5)   Claim Five:  Petitioner's rights to due process and a fair trial were violated when the

18        trial court refused to appoint an investigator during post-conviction proceedings.

19  (6)   Claim Six: The trial court violated Petitioner's right to a fair proceeding when it

20        denied hearing Petitioner's claim of perjured testimony by Kenneth R. based on the

21        court's erroneous finding that it had already decided the issue.

22  (7)   Claim Seven: The trial court abused its discretion and violated Petitioner's right to

23        due process when it failed to conduct an evidentiary hearing on Petitioner's claim of

24        ineffective assistance of counsel even though the trial court had ordered the hearing

25        in a prior proceeding.

26  (Doc. 1, pp. 6-12).

27  *Discussion - Legal Standards*

28

1    The writ of habeas corpus affords relief to persons in custody in violation of the
2   Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  If the petitioner
3   is in custody pursuant to the judgment of a state court, the writ will not be granted unless
4   prior adjudication of the claim - -

5   (1)    resulted in a decision that was contrary to, or involved an unreasonable application
6          of, clearly established Federal law, as determined by the Supreme Court of the United
7          States; or

8   (2)    resulted in a decision that was based on an unreasonable determination of the facts in
9          light of the evidence presented in the State court proceeding.

10  28 U.S.C. § 2254(d).  The petitioner must shoulder an additional burden if the state court
11  considered the issues and made findings of fact.

12          In a proceeding instituted by an application for a writ of habeas corpus by a
13          person in custody pursuant to the judgment of a State court, a determination
14          of a factual issue made by a State court shall be presumed to be correct.  The
15          applicant shall have the burden of rebutting the presumption of correctness by
16          clear and convincing evidence.

17  28 U.S.C. § 2254(e)(1).

18          A decision is "contrary to" Supreme Court precedent if the "state court confronted a
19  set of facts that are materially indistinguishable from a decision of the Supreme Court and
20  nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior*
21  *Court of California ex rel. County of Los Angeles*, 329 F.3d 683, 687 (9th Cir. 2003).  A
22  decision is an "unreasonable application" if "the state court identified the correct legal
23  principles, but applied those principles to the facts of [the] case in a way that was not only
24  incorrect or clearly erroneous, but objectively unreasonable." *Id*.  If the state court denied
25  on the merits but did not explain its reasoning, this court must independently review the
26  record to determine whether the state court clearly erred in its application of Supreme Court
27  law.  *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916

28

1    (2003).  If the higher state court fails to explain its decision, this court looks to the last

2    reasoned state court decision.  *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

3        Federal habeas review is limited to those issues that have been fully presented to the

4    state court.  This so-called "exhaustion rule" reads in pertinent part as follows:

5        An application for a writ of habeas corpus on behalf of a person in custody

6        pursuant to the judgment of a State court shall not be granted unless it appears

7        that - - (A) the applicant has exhausted the remedies available in the courts of

8        the State ...

9    28 U.S.C. § 2254(b)(1)(A).  This rule permits the states "the opportunity to pass upon and

10   correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364,

11   365 (1995) (internal punctuation removed).

12       To be properly exhausted, the federal claim must be "fairly presented" to the state

13   courts.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  In other words, the state courts must

14   be apprised of the issue and given the first opportunity to rule on the merits.  *Id*. at 275-76.

15   Accordingly, the petitioner must "present the state courts with the same claim he urges upon

16   the federal courts." *Id.*  "The state courts have been given a sufficient opportunity to hear

17   an issue when the petitioner has presented the state court with the issue's factual and legal

18   basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

19       In addition, the petitioner must explicitly alert the state court that he is raising a

20   federal constitutional claim.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*,

21   386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, Casey v. Moore, 545 U.S. 1146 (2005).

22   The petitioner must make the federal basis of the claim explicit either by citing specific

23   provisions of federal law or federal case law, even if the federal basis of a claim is "self-

24   evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), cert. denied, 528 U.S. 1087

25   (2000), or by citing state cases that explicitly analyze the same federal constitutional claim,

26   *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

27       If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona,

28   he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399

1   F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196

2   F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000).  If state remedies have not

3   been exhausted, the petition may not be granted and ordinarily should be dismissed.  *See*

4   *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  In the alternative, the court has the

5   authority to deny on the merits rather than dismiss for failure to exhaust.   28 U.S.C. §

6   2254(b)(2).

7        A claim is "procedurally defaulted" if the state court declined to address the issue on

8   the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

9   Procedural default also occurs if the claim was not presented to the state court and it is clear

10  the state would now refuse to address the merits of the claim for procedural reasons. *Id*.

11  Procedural default may be excused if the petitioner can "demonstrate cause for the default

12  and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

13  failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v.*

14  *Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

15  *Discussion - Procedurally Defaulted and Non-Cognizable Claims*

16  *Claim One (b) - Ineffective Assistance of Counsel - Frank R. Issue*

17        Petitioner contends in Claim One that trial counsel was ineffective because counsel

18  did not investigate his case beyond the police report and failed to call two key eye witnesses,

19  (a) Allen Dome or (b) Frank R., to testify at trial.  Respondents argue that the Frank R. issue

20  in Claim One (b)  is procedurally defaulted and that the Dome issue in Claim One (a) should

21  be denied on the merits.  (Doc. 19, pp. 13-14, 26-35).  The Court discusses here Claim One

22  (b) concerning counsel's failure to call Frank R. as a witness.  Claim One (a) concerning

23  counsel's failure to call Allen Dome as a witness is discussed *infra* in the merits analysis

24  section.

25        Petitioner did not raise trial counsel's failure to interview Frank R. and discover

26  information concerning the date the alleged molestation was reported until in his Second pro

27  se PCR Petition. (Doc. 1, p. 6); (Doc. 1-1, p. 20); (Doc. 20-3, pp. 26-27, Ex. EE);.  The trial

28  court found this claim precluded under Arizona law.  (Doc. 20, Ex. FF, pp. 1, 3).  The state

1    court of appeals denied review of this claim because Petitioner had not complied with

2    Arizona law in asserting it.   (Doc. 20, Ex. GG, pp. 1-3).   The state courts applied a

3    procedural bar to the claim.   Petitioner did not "fairly present" the Frank R. portion of Claim

4    One (b) in a procedurally appropriate manner.   Claim One (b) is procedurally defaulted.

5    *Claim Two*

6         Petitioner contends in Claim Two that the State used perjured testimony at trial. (Doc.

7    1, p. 7) Petitioner alleges that State's witness victim B (Kenneth R.) testified at trial that he

8    disclosed the molestation incident on July 13, 2004, the date of the police report, but the trial

9    court determined at a post-trial hearing that the disclosure occurred a year earlier in 2003.

10   *Id*.  Petitioner alleges that victim B's testimony was contradicted by the testimony of his

11   father (Karl R.) and information provided by an eye witness (Frank R.) in a sworn affidavit.

12   *Id*.

13        Respondents contend that Petitioner's Claim Two is based on a factual determination

14   made by the trial court in its July 16, 2009 ruling denying Petitioner's motion to vacate the

15   judgment that Petitioner contends allegedly demonstrates victim B's perjury.  Respondents

16   further argue that Claim Two is procedurally  defaulted.  (Doc. 19, pp. 14-16).   The

17   respondents are correct.  Ferrell cannot provide a factual basis for Claim Two.  That is, he

18   cannot show that the state's witnesses committed perjury.  And even if he could, he did not

19   raise this issue in a procedurally appropriate manner.

20        In its July 16, 2009 ruling denying Petitioner's motion to vacate the judgment, the trial

21   court determined that Petitioner's assertion that victim B's father had committed perjury was

22   not newly discovered evidence under State law. The court found, based on the July 14, 2004

23   police report, victim B's father's testimony at trial, and Frank R.'s  affidavit stating he had

24   discussed the abuse allegations with victim B's father in March 2004, that victim B's father

25   could have learned of the abuse in 2003, discussed it with Frank R. in March 2004, and

26   decided to take his son to the police in July 2004.  (Doc. 19, Ex. G, pp. 2-3).

27        Petitioner asserted in the First pro se PCR Petition that victim B lied at trial, claiming

28   that he discovered this newly-discovered evidence on July 10, 2011 when he reviewed the

1  file and the trial court's ruling on whether victim B's father had committed perjury. (Doc.

2  20, Ex. Y, pp. 4-8). Petitioner there alleged that he had compared the trial court's ruling with

3  victim B's trial testimony. (*Id.*)

4        The trial court found regarding this ground that it had already ruled against Petitioner

5  on whether victim B or victim B's father had committed perjury and that information

6  discovered in the case file was not newly discovered evidence. (Doc. 20, Ex. W, pp. 3, 10).

7  It further found that any contradictory testimony had been presented to the jury and thus was

8  not newly discovered. (Doc. 20, Ex. W, p. 10). The state court of appeals adopted the trial

9  court's ruling without modification, noting that the trial court had applied Ariz.R.Crim.P.

10  32.2 and found the claim precluded. (Doc. 20, Ex. AA, pp. 2-3).

11        In Claim Two, Ferrell takes this perjury issue and uses it to create a separate but

12  related constitutional claim. He argues the state's use of perjured testimony violates his right

13  to due process. He has not, however, raised this constitutional claim in a procedurally

14  appropriate manner.

15        As Respondents point out, in Arizona, a claim of due process violation based on the

16  knowing use of perjury is an issue for direct appeal. *See State v. Perez,* No. 2 CA-CR 2013-

17  0205-PR, 2013 WL 4609360, at *2 (Ariz. App. Aug. 27, 2013) (claim of perjury independent

18  of claim of newly discovered evidence is precluded under Ariz.R.Crim.P. 32.2(a)(3) because

19  petitioner did not raise the issue on direct appeal). The issue generally is precluded from

20  collateral review. Rule 32.2(a)(1), (3), Ariz.R.Crim.P. The courts may reach the merits of

21  the claim in collateral proceedings if the defendant can demonstrate that the claim of perjury

22  is based on newly discovered evidence. Rules 32.1(e), 32.2(b), Ariz.R.Crim.P.

23        Here, Ferrell raised the issue of perjury in his First PCR petition and accused the state

24  of using perjured testimony in his Second PCR petition. (Doc. 20, Ex. Y); (Doc. 20-1, pp.

25  5, 9-10); (Doc. 20-3, p. 19) This was procedurally improper because the claim was not based

26  on newly discovered evidence. Accordingly, the state courts found the claim precluded by

27  applying Rule 32.2. (Doc. 19, Ex. W, pp. 1, 10); (Doc. 20, Ex. AA, pp. 2-3); (Doc. 20-3, p.

28

35).   The state courts applied a procedural bar to the claim rendering it procedurally defaulted.

*Claim Three*

Petitioner contends in Claim Three that he presented evidence of perjury in his state post-conviction proceedings based on the affidavits of Allen Dome and Frank R. that contradicted the testimony of the two victims, and that the trial court violated Petitioner's rights by procedurally denying the assertion without an evidentiary hearing.  (Doc. 1, p. 8) Respondents contend that Claim Three is not a cognizable federal claim.  (Doc. 19, pp. 23-24).  They are correct.

The post-conviction review process is not mandated by the federal Constitution. *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 1994 (1987).  Accordingly, any errors in that process do not violate the Constitution, and are not cognizable through a federal habeas corpus proceeding.  *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S. 1123 (1999); *see also Franzen v. Brinkman*,  877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."), *cert. denied*, 493 U.S. 1012 (1989).

*Claim Four*

In Claim Four, Petitioner contends that his right to counsel was violated during the first post-conviction proceedings because the trial court refused to appoint a second attorney to represent him after his first attorney  was allowed to withdraw.  (Doc. 1, p. 9)  Petitioner raised this claim in his motion for reconsideration filed in the Arizona Court of Appeals after it had denied review of the trial court's ruling denying his Second pro se PCR Petition.  (Doc. 20, Ex. HH & Ex. II).  Respondents argue that Claim Four is not a cognizable federal claim because there is no constitutional right to appointed counsel in post-conviction proceedings. (Doc. 19, pp. 24-25).  They are correct.

"There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *see Reyes v. Ryan*, No. CV-13-01499-PHX-NVW, 2014 WL 1901111, at *9 (D. Ariz. May 13, 2014) (same, quoting *Coleman*).

1   To the extent that Petitioner relies on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme

2   Court there made clear that it was not altering *Coleman*'s constitutional ruling that there was

3   no constitutional right to effective PCR counsel.

> As *Coleman* noted, this makes the initial-review collateral proceeding a
> prisoner's "one and only appeal" as to an ineffective-assistance claim, and this
> may justify an exception to the constitutional rule that there is no right to
> counsel in collateral proceedings.  This is not the case, however, to resolve
> whether that exception exists as a constitutional matter.

9   *Martinez*, 132 S.Ct. at 1315.  Claim Four does not present a cognizable federal claim on

10  habeas review.

11  *Claims Five, Six, and Seven*

12       Petitioner asserts a violation of his rights based on the trial court's refusal to appoint

13  an investigator during post-conviction proceedings (Claim Five); the trial court's denial of

14  a hearing on his claim of perjured testimony by Kenneth R. (Claim Six), and the trial court's

15  failure to hold an evidentiary hearing on his claim of ineffective assistance of counsel when

16  it had ordered a hearing in a prior proceeding (Claim Seven).  (Doc. 1, pp. 10-12)

17  Respondents contend that Petitioner did not "fairly present" Claims Five through Seven to

18  the state courts and that Claims Five and Seven are not cognizable.  (Doc. 19, pp. 16-17, 25-

19  26).

20       Petitioner raised Claims Five through Seven before the Arizona Court of Appeals in

21  his motion for reconsideration after that court denied his request for review of the trial court's

22  denial of his Second pro se PCR Petition.  (Doc. 20, Ex. HH).  Raising an issue in a motion

23  for reconsideration, however, does not constitute "fair presentation" because the claim is

24  presented "in a procedural context in which its merits will not be considered absent special

25  circumstances."  *Roettgen v. Copeland*,  33 F.3d 36, 38 (9th Cir. 1994); *see, e.g., Rivas v.*

26  *Schriro*,  2006 WL 987990, * 9 (D. Ariz. 2006) (Habeas claim was not fairly presented

27  because the petitioner did not make its federal nature explicit until his motion for

28  reconsideration filed with the Arizona Court of Appeals.).

1    In the alternative, the claims were not "fairly presented" because Ferrell did not

2  support any of these claims with federal law.   Although Petitioner now asserts a violation

3  of his right to due process or a fair proceeding in his federal habeas petition, a habeas

4  petitioner may not "transform a state-law issue into a federal one merely by asserting a

5  violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert.*

6  *denied*, 522 U.S. 881 (1997).

7    In addition, with respect to Claim Five, Ariz. Rev. Stat. § 13-4013(b) provides for

8  appointment of an investigator in a criminal felony case based on a showing that the

9  defendant is financially unable to pay for such service and that the service of an investigator

10 is reasonably necessary to present a defense. Whether a petitioner may obtain the

11 appointment of an investigator in post-conviction proceedings is a matter of state law not

12 cognizable on federal habeas review.  "[I]t is not the province of a federal habeas court to

13 reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S.

14 62, 67 (1991). *See Lewis v. Jeffers,* 497 U.S. 764,  780 (1990) ("federal habeas corpus relief

15 does not lie for errors of state law").  Petitioner has not referred to any authority that provides

16 for the right to the appointment of an investigator in state post-conviction proceedings.

17 *Compare  Williams v. Stewart*, 441 F.3d 1030, 1053–54 (9th Cir.2006) (as amended) ("Due

18 Process Clause requires, when necessary, the allowance of investigative expenses or

19 appointment of investigative assistance for indigent defendants[.]" (internal quotation marks

20 and citation omitted)), *cert. denied*, 549 U.S. 1002 (2006); *cf.  Carson v. Adams*, No. CV

21 09–9194–CAS (AGR), 2012 WL 6864593, at *26 (C.D.Cal. Sept.11, 2012) (rejecting

22 petitioner's claim that investigator provided ineffective assistance because no Supreme Court

23 precedent required "reasonably competent investigator"), accepted by 2013 WL 169845

24 (C.D.Cal. Jan.14, 2013); *Brown v. Carey*, No. C 06–0264 WHA (PR), 2011 WL 5444251,

25 at *8–9 (N. D. Cal. Nov.9, 2011) (finding no Supreme Court authority establishing or

26 recognizing constitutional right to effective assistance of investigator).

27    Regarding Claim Seven, Petitioner cites no authority holding that the state court must

28 hold an evidentiary hearing on post-conviction claims as a constitutionally protected right.

In Arizona, "[s]ummary dismissal of a Rule 32 petition is appropriate if, after reviewing the petition, the court determines that 'no ... claim presents a material issue of fact or law which would entitle the [petitioner] to relief.   Ariz. R.Crim. P. 32.6(c).'" *State v. Ramon*, No. 2 CA-CR 2008-0011-PR, 2008 WL 3892255, at *1 (Ariz. App. Aug. 22, 2008).  The state trial court determined it could resolve Petitioner's ineffective assistance of counsel claim without an evidentiary hearing.  (Doc. 20, Ex. W). The issue is one of state law and thus not cognizable on federal habeas review.   Claims Five through Seven were not "fairly presented" to the state court as federal claims and they are procedurally defaulted.  Claims Five and Seven are not cognizable federal claims.

*Application of Procedural Default*

Regarding the procedurally defaulted claims, any attempt by Petitioner to return to state court to present those claims would be futile.  The time has passed to seek post-conviction relief in state court under Ariz.R.Crim.P. 32.4(a) and Petitioner has not shown any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

Petitioner makes no claim of "cause and prejudice" or "fundamental miscarriage of justice" in his federal habeas petition or in his Reply.  Rather, Petitioner contends that he satisfied the exhaustion requirement and reargues the merits of his claims.  Petitioner has not established "cause" for the procedural default or resulting prejudice. He does not contend he is actually innocent and has not shown a miscarriage of justice. Petitioner has not demonstrated circumstances to overcome the procedural default.

*Dismissal of Claims One (b) and Two Through Seven*

Claim One (b) based on the Frank R. issue, Claim Two, and Claims Five through Seven are procedurally defaulted and should be dismissed.  Claims Three and Four are not cognizable for federal habeas review and they should be dismissed. Alternatively, Claims Five and Seven are not cognizable federal claims and should be dismissed on that basis.

*Discussion - Merits Analysis*

*Claim One (a) - Ineffective Assistance of Counsel - Allen Dome Issue*

1      Petitioner contends in Claim One (a) that counsel was ineffective in not interviewing

2  or calling Allen Dome as a witness.  Dome stated in an affidavit that he was present when

3  Petitioner was alleged to have molested Victim A and that the offending incidents did not

4  occur.  Respondents argue that this claim should be denied on the merits.  (Doc. 19, pp. 30-

5  35).

6      "Clearly established Supreme Court precedent provides a framework for examining

7  Sixth Amendment ineffective assistance of counsel claims."  *Miles v. Ryan*, 713 F.3d 477,

8  486-87 (9th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)), *cert. denied*

9  134 S.Ct. 519 (2013).  "To establish ineffective assistance of counsel under *Strickland* a

10 prisoner must demonstrate both: (1) that counsel's performance was deficient, and (2) that

11 the deficient performance prejudiced his defense."  *Id*.

12     "The first prong of the *Strickland* test - deficient performance - requires a showing

13 that counsel's performance fell below an objective standard of reasonableness or was outside

14 the wide range of professionally competent assistance."  *Id*.  "The test is highly deferential,

15 evaluating the challenged conduct from counsel's perspective at the time in issue."  *Id*.  "This

16 inquiry should begin with the premise that under the circumstances, the challenged actions

17 might be considered trial strategy."  *Id*.

18     "The second prong of the *Strickland* test - prejudice - requires the petitioner to

19 demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result

20 of the trial would have been different."  *Id*.  "A reasonable probability is a probability

21 sufficient to undermine confidence in the outcome."  *Id*.

22     This court's review of the state court's denial of the petitioner's claim is "doubly

23 deferential."  *Miles*, 713 F.3d at 487.  "The issue is not whether we believe the state court's

24 determination under the *Strickland* standard was incorrect but whether that determination was

25 unreasonable - a substantially higher threshold."  *Id*.

26     Petitioner asserted in his First pro se PCR Petition that trial counsel provided

27 ineffective assistance by failing to interview Allen Dome prior to trial or call him as a

28 witness even though Dome had information that allegedly impeached victim A's testimony.

1   (Doc. 20, Ex. Y).  The trial court considered the claim on the merits, noting that Petitioner

2   had presented Dome's affidavit stating that he was present when Victim A was allegedly

3   molested by Petitioner but that the incidents did not occur.  The trial court found that defense

4   counsel knew of the information in Dome's affidavit and perhaps had not called Dome as a

5   witness based on evidence suggesting that Petitioner had provided financial motivation for

6   Dome to testify favorably for the defense and Dome might appear mentally disabled,

7   confused, or frustrated during hostile questioning.  (Doc. 19-4, Ex. W, pp. 3-9).  The state

8   court of appeals granted Petitioner's request for review but denied relief based on its

9   adoption of the trial court's ruling.  (Doc. 20, Ex. AA).  Petitioner moved for reconsideration,

10   which the court of appeals denied.  (Doc. 20, Ex. BB & Ex. CC).  The trial court's ruling is

11   the last reasoned decision on the issue.

12       The decision of the state court denying relief is not an unreasonable application of

13   clearly established federal law.  Ferrell has established neither deficient performance nor

14   prejudice.

15       First, counsel was not ineffective for allegedly failing to interview Dome.  Counsel

16   was well aware of Dome and the testimony that he could have offered.  (Doc. 19-4, p. 33)

17   Accordingly, counsel's alleged failure to formally interview Dome did not cause Ferrell

18   prejudice.

19       Counsel's decision not to call Dome as a witness was not deficient performance

20   because there were sound strategic reasons for not calling him.  If he were called as a defense

21   witness, the state would have been able to introduce evidence on cross-examination that

22   Ferrell had "provided financial motivations to Mr. Dome to testify favorably for the defense."

23   (Doc. 19-4, p. 34)  Moreover, Dome had a disability that made it difficult for him to

24   communicate.  *Id*.  He could have been perceived as mentally disabled and "definitely could

25   be confused or frustrated under hostile questioning."  *Id*.  "Such a witness could not be

26   expected to do well on cross-examination."  *Id*.  As the trial court stated, "[a] competent,

27   experienced trial counsel could well have determined that calling Mr. Dome as a witness

28   would do more harm than good."  *Id*.

Finally, Ferrell has presented nothing except his unsupported opinion that the results of the trial would have been different had counsel called Dome to testify. *Id*. Ferrell can establish neither deficient performance nor prejudice. The state court's decision on this issue was not unreasonable.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. (Doc. 1) All but one of Petitioner's claims are either procedurally defaulted or not federally cognizable. The cognizable claim of ineffective assistance of counsel should be denied on the merits.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 22nd day of July, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge