**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Stanford Lamar Ferrell,<br><br>        Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | CV-13-0305-TUC-DCB<br><br>**ORDER** |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 29), which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to the Report and Recommendation (Doc. 34). Respondents filed a Response to Objections. (Doc. 38.) Petitioner filed a reply to the response, over objection, and motion to strike as not procedurally contemplated by the applicable rules and statutes.

**SUMMARY**

Petitioner was convicted in Cochise County Superior Court, case #2007-00791, of two counts of molestation of child and was sentenced to a 30-year term of imprisonment.

Petitioner raises seven grounds for relief:

(1) Petitioner's right to effective assistance of counsel at trial was violated when his attorney did not fully investigate his case prior to trial or present two key witnesses at trial;

(2) Petitioner's due process rights were violated by the state's use of perjured testimony at trial;

(3) Petitioner's due process rights were violated when the trial court failed to consider newly-discovered material evidence;

(4) Petitioner's Sixth Amendment rights were violated when he was denied new counsel during his Rule 32 proceeding after his trial attorney withdrew;

(5) Petitioner's due process rights were violated when the trial court denied Petitioner's request for appointment of an investigator/expert witness;

(6) Petitioner's due process rights were violated during his Rule 32 proceeding when the court denied hearing Petitioner's claim of perjured testimony at trial; and,

(7) Petitioner's due process rights were violated when the trial court failed to hold an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition: all but one of Petitioner's claims are procedurally defaulted and/or do

2

not represent a viable federal claim for relief and his claim of ineffective assistance should be denied on the merits.

**Claim 1:** Trial counsel provided ineffective assistance by not investigating his case and calling two key eye witnesses, (a) Allen Dome or (b) Frank R., to testify at trial.

The Magistrate Judge found part of this claim procedurally defaulted and part of it meritless. Petitioner contends in Claim One that trial counsel was ineffective because counsel did not investigate his case beyond the police report and failed to call two key eye witnesses, (a) Allen Dome or (b) Frank R., to testify at trial. Respondents argue that the Frank R. issue in Claim One (b) is procedurally defaulted and that the Dome issue in Claim One (a) should be denied on the merits. (Doc. 19, pp. 13-14, 26-35). Petitioner did not raise trial counsel's failure to interview Frank R. and discover information concerning the date the alleged molestation was reported until in his second pro se PCR Petition. (Doc. 1, p. 6); (Doc. 1-1, p. 20); (Doc. 20-3, pp. 26-27, Ex. EE);. The trial court found this claim precluded under Arizona law. (Doc. 20, Ex. FF, pp. 1, 3). The state court of appeals denied review of this claim because Petitioner had not complied with Arizona law in asserting it. (Doc. 20, Ex. GG, pp. 1-3). The state courts applied a procedural bar to the claim. Petitioner did not "fairly present" the Frank R. portion of Claim One (b) in a procedurally appropriate manner. Claim One (b) is procedurally defaulted.

Petitioner contends in Claim One (a) that counsel was ineffective in not interviewing or calling Allen Dome as a witness. Dome stated in an affidavit that he was present when Petitioner was alleged to have molested Victim A and that the offending incidents did not occur. Respondents argue that this claim should be denied on the merits. (Doc.

3

19, pp. 30- 35). "Clearly established Supreme Court precedent provides a framework for examining Sixth Amendment ineffective assistance of counsel claims." *Miles v. Ryan*, 713 F.3d 477, 486-87 (9th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)), *cert. denied,* 134 S.Ct. 519 (2013). "To establish ineffective assistance of counsel under *Strickland* a prisoner must demonstrate both: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Id*. "The first prong of the *Strickland* test - deficient performance - requires a showing that counsel's performance fell below an objective standard of reasonableness or was outside the wide range of professionally competent assistance." *Id*. "The test is highly deferential, evaluating the challenged conduct from counsel's perspective at the time in issue." *Id*. "This inquiry should begin with the premise that under the circumstances, the challenged actions might be considered trial strategy." *Id*. "The second prong of the *Strickland* test - prejudice - requires the petitioner to demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different." *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

This court's review of the state court's denial of the petitioner's claim is "doubly deferential." *Miles*, 713 F.3d at 487. "The issue is not whether we believe the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Id*. The decision of the state court denying relief is not an unreasonable application of clearly established federal law. Ferrell has established neither deficient performance nor prejudice.

4

First, counsel was not ineffective for allegedly failing to interview Dome. Counsel was well aware of Dome and the testimony that he could have offered. (Doc. 19-4, p. 33) Accordingly, counsel's alleged failure to formally interview Dome did not cause Ferrell prejudice. Counsel's decision not to call Dome as a witness was not deficient performance because there were sound strategic reasons for not calling him. If he were called as a defense witness, the state would have been able to introduce evidence on cross-examination that Ferrell had "provided financial motivations to Mr. Dome to testify favorably for the defense." (Doc. 19-4, p. 34) Moreover, Dome had a disability that made it difficult for him to communicate. *Id*. He could have been perceived as mentally disabled and "definitely could be confused or frustrated under hostile questioning." *Id*. "Such a witness could not be expected to do well on cross-examination." *Id*. As the trial court stated, "[a] competent, experienced trial counsel could well have determined that calling Mr. Dome as a witness would do more harm than good." *Id*.

**Claim 2:** Petitioner's rights to due process and a fair trial were violated when the State used perjured testimony at trial; State's witness victim B testified at trial that he disclosed the molestation incident on July 13, 2004, the date of the police report, but the trial court determined at a post-trial hearing that the disclosure occurred a year earlier in 2003; victim B's testimony was contradicted by his father's testimony and information provided by an eye witness (Frank R.) in a sworn affidavit.

The Magistrate Judge found this claim procedurally barred. In Claim Two, Ferrell takes this perjury issue and uses it to create a separate but related constitutional claim. He argues the state's use of perjured testimony violates his right to due process. He has not, however, raised this constitutional claim in a procedurally appropriate manner.

5

As Respondents point out, in Arizona, a claim of due process violation based on the knowing use of perjury is an issue for direct appeal. *See State v. Perez,* No. 2 CA-CR 2013- 0205-PR, 2013 WL 4609360, at *2 (Ariz. App. Aug. 27, 2013) (claim of perjury independent of claim of newly discovered evidence is precluded under Ariz.R.Crim.P. 32.2(a)(3) because petitioner did not raise the issue on direct appeal). The issue generally is precluded from collateral review. Rule 32.2(a)(1), (3), Ariz.R.Crim.P. The courts may reach the merits of the claim in collateral proceedings if the defendant can demonstrate that the claim of perjury is based on newly discovered evidence. Rules 32.1(e), 32.2(b), Ariz.R.Crim.P. Here, Ferrell raised the issue of perjury in his first PCR petition and accused the state of using perjured testimony in his second PCR petition. (Doc. 20, Ex. Y); (Doc. 20-1, pp. 5, 9-10); (Doc. 20-3, p. 19) This was procedurally improper because the claim was not based on newly discovered evidence. Accordingly, the state courts found the claim precluded by applying Rule 32.2. (Doc. 19, Ex. W, pp. 1, 10); (Doc. 20, Ex. AA, pp. 2-3). The state courts applied a procedural bar to the claim rendering it procedurally defaulted.

**Claim 3:** Petitioner presented evidence of perjury in his state post-conviction proceedings based on the affidavits of Allen Dome and Frank R. that contradicted the testimony of the two victims; the trial court violated Petitioner's rights to due process and a fair trial by procedurally denying the assertion without an evidentiary hearing.

The Magistrate Judge found this claim lacked federal legal viability. Petitioner contends in Claim Three that he presented evidence of perjury in his state post-conviction proceedings based on the affidavits of Allen Dome and Frank R. that contradicted the testimony of the two victims, and that the trial court violated Petitioner's rights

by procedurally denying the assertion without an evidentiary hearing. (Doc. 1, p. 8) Respondents correctly contend that Claim Three is not a cognizable federal claim. (Doc. 19, pp. 23- 24).

The post-conviction review process is not mandated by the federal Constitution. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Accordingly, any errors in that process do not violate the Constitution, and are not cognizable through a federal habeas corpus proceeding. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S. 1123 (1999); *see also Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."), *cert. denied*, 493 U.S. 1012 (1989).

**Claim 4:** Petitioner's Sixth Amendment right to counsel was violated when the trial court refused to appoint a second attorney to represent Petitioner in the postconviction proceedings after his first appointed counsel withdrew.

The Magistrate Judge found this claim lacked federal legal viability. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *see Reyes v. Ryan*, No. CV-13-01499-PHX-NVW, 2014 WL 1901111, at *9 (D. Ariz. May 13, 2014) (same, quoting *Coleman*). To the extent that Petitioner relies on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Supreme Court there made clear that it was not altering *Coleman*'s constitutional ruling that there was no constitutional right to effective PCR counsel. As *Coleman* noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to an ineffective-assistance claim, and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings. This is not the case,

however, to resolve whether that exception exists as a constitutional matter. *Martinez*, 132 S.Ct. at 1315. Claim Four does not present a cognizable federal claim on habeas review.

**Claims 5-7:** **Claim 5:** Petitioner's rights to due process and a fair trial were violated when the trial court refused to appoint an investigator during post-conviction proceedings. **Claim 6**: The trial court violated Petitioner's right to a fair proceeding when it denied hearing Petitioner's claim of perjured testimony by Kenneth R. based on the court's erroneous finding that it had already decided the issue. **Claim 7**: The trial court abused its discretion and violated Petitioner's right to due process when it failed to conduct an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel even though the trial court had ordered the hearing in a prior proceeding.

The Magistrate Judge found these claims procedurally defaulted and meritless. Petitioner raised Claims Five through Seven before the Arizona Court of Appeals in his motion for reconsideration after that court denied his request for review of the trial court's denial of his Second pro se PCR Petition. (Doc. 20, Ex. HH). Raising an issue in a motion for reconsideration, however, does not constitute "fair presentation" because the claim is presented "in a procedural context in which its merits will not be considered absent special circumstances." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *see, e.g., Rivas v. Schriro*, 2006 WL 987990, * 9 (D. Ariz. 2006) (Habeas claim was not fairly presented because the petitioner did not make its federal nature explicit until his motion for reconsideration filed with the Arizona Court of Appeals.) In the alternative, the claims were not "fairly presented" because Ferrell did not support any of these claims with federal law. Although Petitioner now asserts a violation of his right to due process or a fair proceeding in his federal habeas petition, a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert.*

*denied*, 522 U.S. 881 (1997).Regarding the procedurally defaulted claims, any attempt by Petitioner to return to state court to present those claims would be futile. The time has passed to seek postconviction relief in state court under Ariz.R.Crim.P. 32.4(a) and Petitioner has not shown any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him. Petitioner makes no claim of "cause and prejudice" or "fundamental miscarriage of justice" in his federal habeas petition or in his Reply. Rather, Petitioner contends that he satisfied the exhaustion requirement and reargues the merits of his claims. Petitioner has not established "cause" for the procedural default or resulting prejudice. He does not contend he is actually innocent and has not shown a miscarriage of justice. Petitioner has not demonstrated circumstances to overcome the procedural default.

**Objections:**

Petitioner's Objections are generally:  1) the application of procedural default to his claims violates his due process rights and his right to petition the government for a redress of his grievances; 2) his due process rights were violated when the State relied on perjury to obtain the indictment against him; 3) the state courts violated his right to present exculpatory evidence at trial;4) he, not trial counsel, had the right to control trial strategy; 5) Respondents have waived the application of procedural bar in these proceedings because Respondents did not argue in the state courts his claims would be procedurally defaulted if presented during federal habeas proceedings; 6) this Court should find all of his claims cognizable because cognizability is "highly subjective"; 7) the liberal construction given to *pro se* pleadings in federal court should be applied to his state-court pleadings as well, and

he should not be required to plead his case with specificity because he is a *pro se* habeas petitioner; 8) Arizona's post-conviction procedural rules precluding successive post-conviction petitions or post-conviction petitions presenting already-raised and/or already-waived claims are a "legal trick bag"; and, 9) The R&R improperly applied *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and that case demonstrates he has proven cause and prejudice to overcome the procedural default of his ineffective-counsel claims.

The application of procedural default to unexhausted claims does not violate any constitutional rights: the Supreme Court has time and again upheld the application of this principle. *See e.g. generally Rose v. Lundy*, 455 U.S. 509 (1982). The better part of these objections has never been lodged before.

Petitioner argued that the trial court violated his constitutional right to an attorney during post-conviction proceedings when it refused to appoint a second attorney once his first post-conviction attorney withdrew. (PWHC at 9.) Respondents argued, and the R&R properly concluded, this claim was not cognizable in these proceedings because it did not present a federal question: there is no constitutional right to an attorney in state-court post-conviction proceedings. (*See* Answer at 24-25; R&R at 17-18); *Coleman v. Thompson*, 501 U.S. 722, 752- 53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."). The R&R did not find the claim procedurally defaulted. (R&R at 17-18.) Petitioner's discussion about whether the R&R misapplied *Martinez* in the context of procedural default is irrelevant.

**CERTIFICATE OF APPEALABILITY**

Petitioner filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. §2254. This Court ruled against Petitioner on procedural grounds in all instances save one. This Court has authority to issue a Certificate of Appealability[1] (COA), if the Petitioner has made a substantial showing that he was denied a federal constitutional right. 28 U.S.C. § 2253(c)(2). The COA shall indicate which specific issue or issues where there is substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Martin*, 226 F.3d 1042, 1046 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).)

The issue is somewhat more complicated where the district court dismisses the petition based on procedural grounds, without reaching the merits of the underlying claim, then the COA issues if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Martin*, 226 F.3d at 1046. The first step is to decide whether the petition raises a debatable

---

[1] If no express request for a certificate is filed, the notice of appeal constitutes a request and the district judge must either issue a COA or state why a COA should not issue. If the district judge denies a COA, the Court must send the certificate, with the notice of appeal, and the file of the district-court proceedings to the court of appeals. Fed. R. App. P. 22(b)(1).

constitutional question, then the question is whether the procedural issue raised in the petition is highly debatable. *Id.*

On all claims, the Court finds that the Petitioner failed to raise any debatable constitutional issues. As such, the Court will deny a COA.

**CONCLUSION**

Petitioner's Objections do not highlight any new or pertinent law or facts that were left unconsidered or unresolved by the complete and thorough Report and Recommendation.

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 29) in its entirety as its findings of fact and conclusions of law. The Objections (Doc. 34) raised by the Petitioner are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Motion for Extension of Time to File Reply (Doc. 39) and Motion for Leave to File Reply (Doc. 41) are **DENIED** as not contemplated by the applicable federal statutes; the Motion to Strike Reply (Doc. 43) is **GRANTED**. 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED** with prejudice. Final Judgment to enter separately.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** as to all claims.

DATED this 15th day of April, 2015.

David C. Bury
United States District Judge